UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

PAULA WILLIAMS,

    Plaintiff,

v.

SANDI SHANKLIN-OWENS, *et al.*,

    Defendants.

CAUSE NO. 3:19-CV-1062-DRL-MGG

## OPINION AND ORDER

Paula Williams, proceeding *pro se*, filed a complaint and a motion for leave to proceed in forma pauperis. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citation omitted). Nevertheless, pursuant to 28 U.S.C. § 1915(e)(2), the court may dismiss the case if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Ms. Williams asserts that, from 2015 to April 2019, three defendants continuously violated her rights in numerous ways under state and federal law. The sole fact allegation in the complaint is that, on April 23, 2019, the defendants confined Ms. Williams and took possession of her property.

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, "it is axiomatic that subject matter jurisdiction cannot be waived, and that courts must raise the issue *sua sponte* when it appears that subject matter jurisdiction is lacking." *Buethe v. Britt Airlines, Inc.*, 749 F.2d 1235, 1238 (7th

Cir. 1984). As a federal district court, this court has subject matter jurisdiction over claims arising under federal law or for claims where there is diversity of citizenship between the parties. 28 U.S.C. §§ 1331, 1332.

Ms. Williams asserts some claims arising under federal law, including unlawful employment discrimination, but the complaint contains no factual allegations to support them—for example, there are no factual allegations to suggest an employment relationship, an adverse employment action, or membership in a protected class. *See e.g., Hoffman v. Caterpillar, Inc.*, 256 F.3d 568, 572 (7th Cir. 2001) (elements for a claim under the Americans with Disabilities Act); *Pitasi v. Gartner Grp., Inc.*, 184 F.3d 709, 716 (7th Cir. 1999) (elements for a claim under the Age Discrimination in Employment Act). The sole factual allegation lends some support for claims arising under state law, such as false imprisonment, conversion, or intentional infliction of emotional distress. *See, e.g., Westminster Presbyterian Church of Muncie v. Yonghong Cheng*, 992 N.E.2d 859, 870 (Ind. Ct. App. 2013) (intentional infliction of emotional distress); *Dietz v. Finlay Fine Jewelry Corp.*, 754 N.E.2d 958, 967 (Ind. Ct. App. 2001) (false imprisonment); *Yoder Feed Serv. v. Allied Pullets, Inc.*, 171 Ind. App. 692, 695, 359 N.E.2d 602, 604 (1977) (conversion). However, according to the complaint, all parties appear to be citizens of the State of Indiana. The complaint thus asserts no valid claims arising under federal law, and there is no diversity of citizenship between the parties. Therefore, the court lacks subject matter jurisdiction over the complaint.

Though Ms. Williams cannot proceed on this complaint, she may file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). She may obtain copy of this court's approved form – Civil Complaint (INND Rev. 8/16) – on the court website.[1] However, Ms. Williams should only file an amended complaint if she believes she can address the deficiencies in this order. If she

---

[1] Available at https://www.innd.uscourts.gov/sites/innd/files/CvCmplt.pdf.

chooses to file an amended complaint, she must put the cause number of this case on it, which is on the first page of this order.

For these reasons, the court:

(1) GRANTS Paula Williams until <u>January 6, 2020</u> to file an amended complaint and to resolve her filing fee status; and

(2) CAUTIONS Paula Williams that, if she does not respond by this deadline, the case will be dismissed without further notice.

SO ORDERED.

December 6, 2019                               *s/ Damon R. Leichty*
                                               Judge, United States District Court