UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

PAULA WILLIAMS,

    Plaintiff,

v.                                            CAUSE NO. 3:19-CV-1062-DRL-MGG

SANDI SHANKLIN-OWENS, *et al.*,

    Defendants.

## OPINION AND ORDER

Paula Williams filed an amended complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915(e)(2), the court may dismiss the case if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.

In the amended complaint, Ms. Williams asserts that, from 2015 to April 2019, three defendants continuously violated her rights in numerous ways under state and federal law. Notably, the court dismissed the initial complaint for lack of subject matter jurisdiction because it lacked sufficient factual allegations to state plausible federal law claims, and there was no diversity of citizenship between the parties that permitted state law claims to be decided in this court:

> Ms. Williams asserts some claims arising under federal law, including unlawful employment discrimination, but the complaint contains no factual allegations to support them—for example, there are no factual allegations to suggest an employment relationship, an adverse employment action, or membership in a protected class. *See e.g., Hoffman v. Caterpillar, Inc.*, 256 F.3d 568, 572 (7th Cir. 2001) (elements for a claim under the Americans with Disabilities Act); *Pitasi v. Gartner Grp., Inc.*, 184 F.3d 709, 716 (7th Cir. 1999) (elements for a claim under the Age Discrimination in Employment Act). The sole factual allegation lends some support for claims arising under state law, such as false imprisonment, conversion, or intentional infliction of emotional distress. *See e.g., Westminster Presbyterian Church of Muncie v. Yonghong Cheng*, 992 N.E.2d 859, 870 (Ind. Ct. App. 2013) (intentional infliction of emotional distress); *Dietz v. Finlay Fine Jewelry Corp.*, 754 N.E.2d 958, 967 (Ind. Ct. App. 2001) (false imprisonment); *Yoder Feed*

*Serv. v. Allied Pullets, Inc.*, 171 Ind. App. 692, 695, 359 N.E.2d 602, 604 (1977) (conversion). However, according to the complaint, all parties reside within the State of Indiana. The complaint thus asserts no valid claims arising under federal law, and there is no diversity of citizenship between the parties. Therefore, the court lacks subject matter jurisdiction over the complaint.

ECF 5 at 2-3.

The amended complaint is substantially similar to the initial complaint except that Ms. Williams has attached an unemployment decision from the Indiana Department of Workforce Development. In the decision, the administrative law judge found that her discharge was not for just cause because the employer terminated her for violating a rule that had not been conveyed to Ms. Williams and that had not been uniformly applied to all employees. While the amended complaint contains more information, there remain insufficient factual allegations to support any of the asserted federal employment discrimination claims. For example, though Ms. Williams asserts unlawful retaliation, wage discrimination, age discrimination, and disability discrimination, there are no factual allegations describing her wages in comparison to other employees or how the employer treated her in comparison to younger or more able-bodied employees, or any allegations suggesting that she has a disability or that the employer had an unlawful retaliatory motive. *See e.g., Hoffman*, 256 F.3d at 572 (elements for a claim under the Americans with Disabilities Act); *Pitasi*, 184 F.3d at 716 (elements for a claim under the Age Discrimination in Employment Act); *Kersting v. Wal-Mart Stores, Inc.*, 250 F.3d 1109, 1117 (7th Cir. 2001) (elements for an unlawful retaliation claim under the Americans with Disabilities Act); *Fallon v. State of Ill.*, 882 F.2d 1206, 1208 (7th Cir. 1989) (elements for a claim under the Equal Pay Act). The amended complaint thus asserts no valid claims arising under federal law, and there remains no diversity of citizenship between the parties.

For these reasons, the court DISMISSES this case for lack of subject matter jurisdiction.

SO ORDERED.

February 19, 2020         *s/ Damon R. Leichty*
                          Judge, United States District Court